IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIMBERLY MARGARET CONEY,

    Plaintiff,
v.                                               CASE NO. 1:20-cv-72-AW-GRJ

KIKOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff appeals from a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Social Security Disability Insurance Benefits (DIB). ECF No. 1. The Commissioner has answered, and both parties have filed briefs outlining their respective positions. ECF Nos. 11, 16, 17. For the reasons explained below, it is respectfully recommended that the decision of the Commissioner should be reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

Plaintiff filed a claim for DIB on December 5, 2016, alleging a disability onset date of April 20, 2014. R. 102, 183. Her date last insured

for purposes of DIB was December 31, 2018.  R. 46.  Plaintiff's claims were denied initially and upon reconsideration.  A hearing was held before Administrative Law Judge James Dixon on February 26, 2019. R. 59-88.

On May 9, 2019, the ALJ found Plaintiff not disabled.  R. 44-53. The ALJ found that Plaintiff had the severe impairments of posttraumatic stress disorder (PTSD), bipolar II disorder, and obsessive compulsive disorder. R. 46.  The ALJ found that Plaintiff had non-severe impairments of obesity and spinal disorders.  Plaintiff's impairments, singly or in combination, did not meet or medically equal the Listings.  Regarding mental impairments, the ALJ found no more than moderate limitations under the Paragraph B criteria and that the Paragraph C criteria were not present.  The ALJ determined that Plaintiff had the residual functional capacity (RFC) for a full range of work at all exertional levels but with certain non-exertional limitations.  The ALJ found that Plaintiff could not return to her past relevant work as a paralegal.  Relying on the testimony of a vocational expert (VE), the ALJ found that there were other jobs in the national economy that Plaintiff could perform such as laboratory sample carrier, housekeeping cleaner, and marker.  *Id.* at 46-53.

Plaintiff sought Appeals Counsel review and submitted additional evidence in the form of: (1) a December 17, 2019, decision of the Board of

Veterans' Appeals (BVA) finding that Plaintiff was 100% disabled due to service-connected impairments of a back condition, cervical strain, and psychiatric disorders including PTSD (claimed as depression, anxiety, anger, and panic attacks); and (2) a report of a May 10, 2019, psychological examination by Ronald A. Sherman, Ph.D.  R. 13-39.  The BVA found that the effective date of Plaintiff's total and permanent disability was April 24, 2013.  R. 10.  The BVA relied on Dr. Sherman's independent medical evaluation and opinion to conclude that Plaintiff's mental health symptoms were related to her military service.  *Id.* at 22-23.  Dr. Sherman assessed Plaintiff with "marked" mental limitations in 10 of 14 functional areas.  *Id.* at 36-38.  Dr. Sherman opined that Plaintiff was "totally disabled emotionally and unable to function in any job in any capacity," and that the "present degree of her mental illness has existed since April 21, 2014."  *Id.* at 33.

The Appeals Council denied review.  R. 1-6.  Regarding Dr. Sherman's statement, the Appeals Council stated: "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not exhibit this evidence."  R. 2.  Regarding the BVA decision, the Appeals Council observed that the VA documents were dated "December 17, 2019, through January 15, 2020. . . . The [ALJ] decided

your case through December 31, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2018." *Id.* at 2.

This appeal followed. Plaintiff asserts one issue for review: The Appeals Council erred as a matter of law in failing to review the new and material evidence submitted at the Appeals Council level, including the BVA finding that Plaintiff has been totally and permanently disabled since April 24, 2013, and the independent medical evaluation by Dr. Sherman. ECF No. 16. Because this appeal focuses on whether the Appeals Council erred in considering new evidence, and Plaintiff does not specifically challenge the ALJ's findings, the Court will not extensively review those findings except to the extent necessary to resolve the issue on appeal.

## II. STANDARD OF REVIEW

A disability claimant is allowed to present new evidence at each stage of administrative review. *See* 20 C.F.R. § 404.900(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260–61 (11th Cir. 2007). The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."

*Id*. § 404.970(b).  Moreover, "[t]he new evidence is material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011) (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir.1987)).

"When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers*, 441 Fed. App'x at 745 (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). "If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand "for a determination of [the claimant's] disability eligibility reached on the total record." *Flowers,* 441 Fed. App'x at 745 (quoting *Epps,* 624 F.2d at 1273). Sentence Four of 42 U.S.C. § 405(g) likewise provides for remand when "the Appeals Council did not adequately consider the additional evidence." *Bowen v. Heckler*, 748 F.2d 629, 636 (11th Cir.1984). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether the new evidence renders the denial of benefits erroneous." *see also Ingram*, 496 F.3d at 1262.

### III. **DISCUSSION**

Plaintiff contends that the Appeals Council erred as a matter of law by disregarding that the new evidence explicitly concerned the time period from Plaintiff's alleged onset date of April 20, 2014, through her date last insured of December 31, 2018.  ECF No. 16.  The Commissioner argues that the Appeals Council correctly found that the BVA decision was not chronologically relevant because the December 17, 2019, decision was issued nearly a year after Plaintiff's date last insured in December 2018.  ECF No. 17 at 16.  The Commissioner does not explain how the conclusion that Plaintiff was disabled beginning April 2014 is not "chronologically relevant."  *See id.*  Rather, the Commissioner focuses on the fact that the BVA decision is an administrative finding of another agency that is not probative of Plaintiff's disability and was not "material" because the Appeals Council also found that Dr. Sherman's opinion, upon which the BVA relied, was immaterial.  *Id.* at 18.

In *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317 (11th Cir. 2015), the Eleventh Circuit held that the Appeals Council erred when it failed to consider materials from a psychologist who examined the claimant several months after the ALJ's decision.  The Court rejected the Appeals

Council's finding of chronological irrelevance, even though the psychologist in *Washington* did not explicitly state the opinions related back to the time of the ALJ's decision. The psychologist had based his opinion in part on the claimant's report that he experienced symptoms during the relevant time period and the psychologist had reviewed the claimant's treatment records from the period before the ALJ's decision. *Id.* at 1322. The Court rejected the Commissioner's argument that the new evidence was also immaterial, because the Court found that accepting the evidence would result in "'a reasonable possibility' that [it] 'would change the administrative result.'" *Id.* (*quoting Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)). Because the opinions from the psychologist were new, material, and chronologically relevant evidence, the Appeals Council's failure to consider them was a reversible error of law. *Id.* at 1322-23.

In this case, the record supports a conclusion that the Appeals Council erroneously found that the BVA decision, and the Sherman opinion subsumed within it, were not chronologically relevant simply because the BVA decision was issued after Plaintiff's date last insured. There is no indication in the Appeals Council's decision that it reviewed or considered the fact that both the BVA and Dr. Sherman concluded that Plaintiff's

disability extended from April 2014 through her date last insured and beyond.

The Commissioner argues that *Washington* should not be extended to evidence in the form of a VA disability rating because "medical opinions from acceptable medical professionals are probative in Social Security cases, while administrative findings from other agencies are not." ECF No. 16 at 17. The Court finds this reasoning flawed. The Appeals Council's conclusion did not rest on the materiality of the BVA decision, but rather merely on the date of the BVA decision. *See* R. 2. Moreover, it has long been established that a Veterans Administration rating of disability, while not binding, is evidence that should be given great weight. *Olson v. Schweiker*, 663 F.2d 593, 597 n.4 (5th Cir. 1981); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A 1981); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1468 (M.D. Fla. 1990) (finding that the ALJ's perfunctory rejection of the claimant's 100% VA disability rating because the two agencies used different criteria to evaluate claims was "not sufficient justification for not according great weight to the disability rating of the VA "); *Kieser v. Barnhart*, 222 F. Supp.2d 1298, 1303 (M.D. Fla. 2002) (noting that the ALJ's decision failed to indicate whether he accorded any weight to the VA's disability rating). In view of this authority, this Court can discern no

basis for treating "new evidence" in the form of a VA disability rating differently from other types of evidence submitted at the Appeals Council level. Further, the BVA decision rested to a significant degree on Dr. Sherman's opinion, and Dr. Sherman is plainly an "acceptable medical professional".[1]

The Appeals Council did not explicitly reject Dr. Sherman's opinion on chronological relevance but rather on materiality. *See* R. 2 ("We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence."). In reviewing the medical evidence, the ALJ afforded little weight to the opinion of Plaintiff's treatment provider that she was precluded from maintaining

---

[1] In *Noble v. Comm'r of Soc. Sec.*, 963 F. 3d 1317 (11th Cir. 2020), the Eleventh Circuit clarified how decisions of other agencies, such as the VA, must be considered. The Court explained:

> After resolving the tension in our precedent, we conclude that it directs courts to consider two questions in deciding whether an ALJ who declined to follow another agency's decision that a claimant was disabled nevertheless properly considered that decision. First, the court must ask whether the ALJ's decision shows that she considered the other agency's decision. . . .If the ALJ's decision does not discuss the other agency's decision, the case must be remanded to the Commissioner for consideration of the other agency's decision. But if the ALJ discussed the other agency's decision, the court moves on to the second step of the analysis: whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision. . . .If there is substantial evidence in the record, then the ALJ's decision should be affirmed.

*Noble,* 963 F.3d at 1330 (citing *Depaepe v. Richardson*, 464 F.2d 92, 101 (5th Cir. 1972); *Skeels v. Richardson*, 453 F.2d 882, 883 (5th Cir. 1972)).

employment due to symptoms including depression, anxiety, suicidal ideation, anger outbursts, fear of thunderstorms, and traumatic flashbacks. The ALJ discounted the opinion because "the determination of disability is reserved to the Commissioner." R. 50. The ALJ afforded little weight to the statement of an ARPN that Plaintiff had PTSD and bipolar II disorder likely connected to military sexual trauma, finding that the statement lacked specificity and was provided by an "unacceptable medical source". *Id.* In contrast, the ALJ afforded "great weight" to the opinion of a non-examining agency reviewer that supported the ALJ's RFC. *Id.* Although the opinion of a one-time examining physician such as Dr. Sherman may not be entitled to special deference, in view of the paucity of opinion evidence in this case and the ALJ's heavy reliance on a non-examining reviewer, there is at least a "reasonable possibility" that Dr. Sherman's opinion would change the administrative result. *See, e.g., Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985) (opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician).

For these reasons, the undersigned concludes that the Appeals Council erred as a matter of law in determining that the new evidence submitted to it was not chronologically relevant or material, and therefore the decision of the Commissioner is not supported by substantial evidence.

*See Flowers,* 441 Fed. App'x at 745.  The decision denying benefits should be remanded for a determination of Plaintiff's disability eligibility reached on the total record, including the new evidence.  *Id.*

## V.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that the decision of the Commissioner should be **REVERSED AND REMANDED** under sentence four of 42 U.S.C. § 405(g).

**IN CHAMBERS** this 18th day of August 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.